Argued and submitted June 26, reversed and remanded with instructions
October 11, 1989

BROWN,
*Appellant,*

*v.*

BRUNE,
*Respondent.*

(A8701-00206; CA A49409)

780 P2d 763

John M. Berman, Beaverton, argued the cause and filed the briefs for appellant.

Michael J. Gentry, Portland, argued the cause for respondent. With him on the brief was Tooze, Marshall, Shenker, Holloway & Duden, Portland.

Before Buttler, Presiding Judge, and Richardson and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is a declaratory judgment action to determine the interest rate for the installment purchase of real property under the terms of a contract. Plaintiff appeals the trial court's ruling that the applicable interest rate is nine and one-half percent. We hold that the trial court erred and that the interest rate is seven and one-half percent.

Plaintiff and Kettleberg were business partners who signed a buy-sell agreement which provided that, on the death of one of the partners, the survivor had the right to buy one or more of a group of properties. The procedure for buying the properties was described in the agreement and included three basic steps. First, paragraph 4(f) provides:

> "Within six (6) months from the date of death, the surviving party shall notify the administrator or executor of the estate of the decedent which properties he intends to purchase from decedent's estate."

Next, in the same paragraph:

> "In the event that the actual value has not as yet been determined within said 6-month period, the surviving party shall have additional time in which to exercise his right to purchase one or more of the properties as indicated above, until such time as the executor or administrator of the estate forwards to the surviving party in writing the value thereof. The surviving party shall have thirty (30) days thereafter in which to object to the compilation of the valuation, and if the true valuation cannot be determined as agreed by this formula, it shall be arbitrated upon by not less than one (1) arbitrator selected by the estate and one (1) selected by the surviving party, and then these two (2) shall choose a third (3rd)."

Finally, paragraph 5(a) provides that the surviving party is required to pay a ten percent down payment within 30 days after the value is determined. The only mention of interest is in paragraph 5(c):

> "The interest would be at the Canadian Imperial Bank of Commerce prime rate and would commence at the time the surviving party agreed to purchase the property * * *."

On November 14, 1985, within six months after Kettleberg's death, plaintiff notified defendant, Kettleberg's personal representative, in writing, of his intent to purchase certain properties. He included values for the properties and

stated that, "pursuant to the partnership agreement, interest will commence at 9-1/2% per annum as of the date of closing * * *." On December 19, 1986, defendant agreed in writing to the valuations in plaintiff's letter.

By December, 1986, the prime rate had dropped from nine and and one-half percent to seven and one-half percent. Plaintiff and defendant could not agree on the applicable interest rate. Plaintiff filed this action to determine the proper rate.

The trial court determined that the proper rate was the prime rate on November 14, 1985, the date on which plaintiff expressed his intent to purchase the properties. The court held that, under the contract, expressing *the intent* to purchase was equivalent to agreeing to buy the properties.

We disagree with that conclusion. Price is an essential term in a contract to buy and sell real property. *Ford v. Blinn,* 50 Or App 515, 519, 623 P2d 1110, *rev den* 290 Or 853 (1981). Defendant argues that, under the agreement, the price was the last assessed market value, relying on paragraph 4(b)(1), which states that the properties

"shall be deemed conclusively to have a market value based on the last assessed market value by the tax assessor unless such property is otherwise mutually agreed to have a different value by the parties hereto before such death for the purposes of this Agreement."

Regardless of that conclusive presumption, paragraph 4(f) provides a process for negotiating the price, allowing the survivor to object to the estate's valuation and providing for arbitration "if the true valuation cannot be determined as agreed by this formula." In addition, paragraph 5(a) refers to the date the "value has been mutually determined by the estate of the decedent and the surviving party * * *." Defendant accepted plaintiff's valuation on December 19, 1986. There was no agreement as to price before that, so there could not have been an agreement to purchase before that date, when the interest rate was seven and one-half percent.

Reversed and remanded with instructions to fix interest rate in judgment at seven and one-half percent.